UNITED STATES DISTRICT COURT        O
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| DAN KOVACIC, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. L-09-2 |
| | § | |
| LARRY BROWN ENTERPRISES, L.L.C., | § | |
| D/B/A/CHEERS COCKTAILS, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

On November 2, 2009, Defendants Doug Mercer, individually and doing business as "Cheers Cocktails," and Larry Brown Enterprises, LLC doing business as "Cheers Cocktails" (collectively "Cheers") filed their First Amended Motion for Partial Summary Judgment. [Dkt. No. 85]. After a review of the motion, accompanying summary judgment evidence, and the governing law, Cheers's motion is GRANTED in part and DENIED in part.

**I.    BACKGROUND**

The following facts are taken from Plaintiff's Fourth Amended Complaint, [Dkt. No. 78], and are undisputed by Cheers: On the evening of August 9, 2007, Zachary Kovacic ("Kovacic"), while in town for work, met his co-workers at Cheers Cocktail Lounge, located at 7004 San Dario Ave., Laredo, TX. [Dkt. No. 78 at 7]. After a few hours of drinking at Cheers Cocktail Lounge, Kovacic had become intoxicated and was escorted outside by employees of Cheers. [*Id.* at 8]. Once outside, he was "involuntarily handcuffed" by the employees of Cheers. [*Id.*]. "Thereafter, at approximately 1:33 a.m., Laredo Police Department officers were called and notified by Cheers's employees that there was an intoxicated patron at the bar that needed to be escorted off the premises." [*Id.*]. Kovacic was held outside the bar until the police arrived.

[*Id.*].  Laredo Police Officers Juan Villarreal and Jose Rubio arrived and, "knowing that Zachary was a danger to himself and others . . . and contrary to the repeated requests of his family and co-workers to release him into their care," placed him in the back of their patrol car and removed him from the premises.  [*Id.*].  Plaintiffs also aver that "it has been determined that Zachary Kovacic had a blood alcohol level of .215% at the time of leaving Cheers."  [*Id.*].  The officers then drove Kovacic "several miles away" and "unceremoniously released" Kovacic at the "darkened intersection of Del Mar and Loop 20 at approximately 2:08 a.m.."  [*Id.* at 9].  This location was "approximately 1.5 miles from the Value Inn where he was staying with his wife and child."  [*Id.*].  At about 2:33 a.m., Kovacic was hit on the roadway by an unknown hit-and-run driver.  [*Id.*].  Kovacic was found alive, despite "severe, debilitating injuries," and was taken to Doctor's Hospital in Laredo, TX.  [*Id.*].  "Upon arrival, medical treatment was rendered and a blood test was performed which indicated a blood alcohol level of .227% (serum calculation)."  [*Id.*].  Kovacic did not recover, and subsequently died from his injuries.  [*Id.*].

    Plaintiffs, all having an interest in the estate of Zachary Kovacic, filed this action against: Larry Brown Enterprises, LLC doing business as "Cheers Cocktails"; Doug Mercer, individually and doing business as "Cheers Cocktail Lounge"; Officers Juan Villarreal and Jose Rubio, both individually and in their official capacities; then Chief of Police Agustin Dovalina, both individually and in his official capacity; and the City of Laredo, TX. [*Id.* at 1-3].  Chief of Police Agustin Dovalina has been dismissed as a defendant in his personal and official capacities.  [Dkt. Nos. 33, 67].  Plaintiffs' Complaint alleges multiple causes of action, which can be divided into claims against Larry Brown Enterprises and Doug Mercer (collectively "Cheers"), claims against Officer Villarreal and Officer Rubio (collectively "the Officers"), and claims against the City of Laredo ("the City").

This action was originally filed in state court, and removed to this Court under 28 U.S.C. § 1331 (federal question jurisdiction) due to Plaintiffs' § 1983 claims against the Officers and the City. [Dkt. No. 1]. This Court has jurisdiction over Plaintiffs' state law claims against Cheers under 28 U.S.C. § 1367, which provides supplemental jurisdiction over "all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367 (2006); *see* 28 U.S.C. § 1441(c) (2006).

Against Cheers, Plaintiffs allege: (1) violation of the Texas Dram Shop Act; (2) assault/battery; (3) false imprisonment; and (4) negligence as it relates to the assault/battery and false imprisonment claims. [Dkt. No. 78 at 9-15]. In its motion, Cheers moves for summary judgment on the Texas Dram Shop, assault/battery, and false imprisonment claims.

## II.    DISCUSSION

When a federal court is presented with state law claims pursuant to its supplemental jurisdiction, "the court will follow the conflict of law rules of the forum state." *Snow v. WRS Group, Inc.*, 73 Fed.Appx. 2, 5 (5th Cir. 2003). As this federal court sits in Texas, Texas conflict of law rules apply. Texas uses the "most significant relationship" test to determine which state's law should govern. *Id.* Since all of the actions giving rise to this lawsuit occurred in Laredo, TX, it is clear that Texas law has the most significant relationship to Plaintiffs' claims against Cheers, and thus, this Court will apply Texas substantive law.

Following federal procedure, summary judgment is appropriate when the "pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." FED. R.

CIV. P. 56(c). A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Finally, all facts and evidence must be taken in the light most favorable to the non-moving party. *United Fire & Cas. Co. v. Hixson Bros. Inc.*, 453 F.3d 283, 285 (5th Cir. 2006). All of Cheers's arguments for summary judgment will be evaluated under this standard.

### A. Texas Dram Shop Act/New and Independent Cause

The Texas Alcoholic Beverage Code §§ 2.01-.03 ("Texas Dram Shop Act") is "the exclusive cause of action" against an alcoholic beverage provider for "providing an alcoholic beverage to a person 18 years of age or older." TEX. ALCO. BEV. CODE § 2.03 (2007). To recover under this statute, a plaintiff must show:

> (1) at the time the provision occurred it was apparent to the provider that the individual being sold, served, or provided with an alcoholic beverage was obviously intoxicated to the extent that he presented a clear danger to himself and others; and
>
> (2) the intoxication of the recipient of the alcoholic beverage was a proximate cause of the damages suffered.

TEX. ALCO. BEV. CODE § 2.02(b) (2007).

Defendants contend that the actions of the Officers "superseded the alleged *negligence* of the Defendants, and that the intervening cause proximately caused the death of Zachary Kovacic." [Dkt. No. 85 at 5] (emphasis added). To be clear, Plaintiffs' claims for common law negligence relate only to the assault/battery and false imprisonment claims. [Dkt. No. 90 at 4]. However, as noted above, Defendants continually refer to the "negligence" of Cheers and whether it was a proximate cause of Kovacic's death. [Dkt. No. 5]. While Texas courts have occasionally used the term "negligence" to refer to the culpable conduct requirement of the Texas Dram Shop Act, TEX. ALCO. BEV. CODE § 2.02(b)(1), this use of the word is not to be

confused with the common law negligence as a cause of action.[1] Thus, the Court construes Defendants' contention that an "intervening cause(s) proximately caused the death of Zachary Kovacic" to refer to the requirement of proximate causation under the Dram Shop Act, and not to Plaintiffs' claim for common law negligence. Indeed, no claim for common law negligence has been asserted with respect to Kovacic's death, only with respect to his assault/battery and false imprisonment.

Apparently, Plaintiffs have construed Defendants' use of the term "negligence" in the same way. In their response to Defendants' motion for summary judgment, Plaintiffs address the issues of "new and independent cause" and proximate causation at length, [Dkt. No. 90 at 20-32], but also state that "Plaintiffs' negligence claims . . . are not addressed in Defendant's Amended Motion for Summary Judgment." [Dkt. No. 90 at 4]. Both parties have argued the issue of proximate cause and used the term "negligence" as they relate to the death of Kovacic, while failing to make explicit that this discussion is only appropriate in the context of the Texas Dram Shop Act. To alleviate any confusion, the Court will not use the term "negligence" when discussing the statutory cause of action under the Texas Dram Shop Act, only when referring to Plaintiffs' common law negligence claim. Plaintiffs are correct in their assertion that Defendants' summary judgment motion does not address their common law negligence claim, which arises solely from the alleged assault/battery and false imprisonment. [*Id.*].

The above clarification is essential in interpreting Defendants' most compelling argument, that the actions of the Officers in releasing Kovacic constituted a "new and independent" or "superseding" cause of Kovacic's death, thereby negating the proximate cause element required under § 2.02(b)(2). [Dkt. No. 85 at 12]. While "proximate cause" is a creature

---

[1] *See Perseus, Inc. v. Canody*, 995 S.W.2d 202, 205 (Tex.App.-San Antonio, 1999) ("'Negligence' [here] means providing, under authority of a license, an alcoholic beverage to [Plaintiff] when it is apparent to the provider that the recipient is obviously intoxicated to the extent that he presents a clear danger to himself and others.").

of common law negligence and Plaintiffs' claim here is statutory, Texas courts have applied the doctrine of "new and independent cause" to causation under the Texas Dram Shop Act. *See Biaggi v. Patrizio Restaurant Inc.*, 149 S.W.3d 300, 306 (Tex. App.-Dallas 2004).

"To establish [a] new and independent cause, the movant must establish that the intervening force was not foreseeable as a matter of law." *Biaggi*, 149 S.W.3d at 306. The Texas Supreme Court has enumerated the following six factors to use in determining whether an intervening force breaks the causal chain and constitutes a "new and independent" cause:

> (1) the fact that the intervening force brings about harm different in kind from that which would otherwise have resulted from the actor's negligence;
>
> (2) the fact that the intervening force's operation or the consequences thereof appear after the event to be extraordinary rather than normal in view of the circumstances existing at the time of the force's operation;
>
> (3) the fact that the intervening force is operating independently of any situation created by the actor's negligence, or, on the other hand, is or is not a normal result of such a situation;
>
> (4) the fact that the operation of the intervening force is due to a third person's act or to his failure to act;
>
> (5) the fact that the intervening force is due to an act of a third person which is wrongful toward the other and as such subjects the third person to liability to him;
>
> (6) the degree of culpability of a wrongful act of a third person which sets the intervening force in motion.

*Phan Son Van v. Pena*, 990 S.W.2d 751, 754 (Tex. 1999).

Applying each of these factors to the causal chain in Kovacic's case, with the Officers' conduct being the "new and independent cause," leads the Court to the conclusion that the Officers' conduct of dropping Kovacic off at the gas station does constitute a new and independent cause. At first glance, one may suppose that an injury due to a car accident would be the same kind of injury "that would have otherwise resulted" from over-serving an intoxicated patron. However, the totality of Kovacic's circumstances, being struck by a hit-and-run driver

after being released in an intoxicated state at an arbitrary location, does not fit into the broad category of automobile injuries commonly associated with intoxication. Applying the second factor, the Court deems the Officers' conduct to be "extraordinary rather than normal" under the circumstances. Normally, if a person is intoxicated enough to merit handcuffs and a ride in a patrol car, one expects that the person will be taken to the police station, regardless of whether they are ultimately charged with a crime. At the very least, if the person is not to be charged, one expects that such an intoxicated person in custody would be taken to either the police station until sober, a hospital for treatment, or home. Each of these scenarios is a far cry from what actually occurred in this case, as Kovacic was handcuffed, placed in the back of the police car, transported away from family and friends, and subsequently released at an arbitrary location in an intoxicated state. The Court views this release to be "extraordinary" in the most basic sense of the word. This is also reflected in the third factor, as the Officers' conduct was "not a normal result of such a situation." As noted above, a gas station in the middle of the night is not a normal release point for intoxicated individuals after they have been taken into police custody.

The fourth factor likewise suggests a new and independent cause, as the Officers are a third party, and their conduct was due to "a third person's act," i.e., their own. Though Cheers was responsible for the Officers' arrival at the bar, the decision and act of releasing Kovacic at the gas station cannot be attributed to Cheers, and must logically rest with the Officers as their own "act." Fifth, the Officers' conduct was "wrongful toward the other and as such subjects the third person[s] to liability." Indeed, the Officers are co-defendants in the instant action. This is also intertwined with the sixth factor, when considering "the degree of culpability of [the] wrongful act." While not as persuasive as a criminal conviction for the act would be, the possibility that the Officers may be held civilly liable for their conduct is still persuasive under

factors five and six. Also, the Court notes that there is a difference between "culpability" and "liability," in that even if the Officers are found to not be liable under the standards governing civil liability for police officers, their act of releasing Kovacic may still be culpable in the sense that it was wrongful. Given the above analysis of each of the factors, the Officers' conduct is correctly viewed as a new and independent cause of Kovacic's injuries.

Plaintiffs contend that "it is well settled that a new and independent cause cannot arise out of an affirmative act of negligence of either the Plaintiff or *any* Defendant." [Dkt. No. 90 at 4, (emphasis added)]. For this proposition, Plaintiffs cite *Motsenbocker v. Wyatt*, 369 S.W.2d 319, 324 (Tex. 1963), *J.S. Abercrombie Co. v. Delcornyn*, 135 S.W.2d 978, 980-81 (Tex. App. 1940), and *Lowrimore v. Sanders*, 103 S.W. 2d 739, 740 (Tex. App. 1937). Both *Motsenbocker* and *J.S. Abercrombie Co.* rely ultimately on *Lowrimore* as precedent. *Motsenbocker* 369 S.W.2d at 324; *J.S. Abercrombie Co.* 135 S.W.2d at 980-81. However, these cases reflect the rule that neither a plaintiff nor a defendant can assert that the other's negligent actions were a new and independent cause of injury, but do not rule out the possibility that one of multiple defendants could assert this defense against another defendant. Plaintiffs' insertion of the language "*any* Defendant" finds no precedent in Texas law, and is incorrect, if not disingenuous.

The Court holds that the conduct of the Officers constitutes a new and independent cause as a matter of law. Accordingly, Defendants have successfully negated the essential element of proximate cause required under the Texas Dram Shop Act, and are entitled to summary judgment on Plaintiffs' claim under this statute. The Court hereby GRANTS Defendants' motion for summary judgment on Plaintiffs' Texas Dram Shop claim.

### B. False Imprisonment

Defendants also move for summary judgment on Plaintiffs' claim for false imprisonment, on the grounds that their detention of Kovacic was justified. "To prevail under a false imprisonment claim, a plaintiff must prove (1) willful detention, (2) without consent, and (3) without authority of law." *Carr v. H.E. Butt Grocery Co.*, No. 03-07-00149-CV, 2009 WL 3230834, *4 (Tex. App.-Austin 2009) (citing *Sears, Roebuck & Co. v. Castillo,* 693 S.W.2d 374, 375 (Tex. 1985)). "In a false imprisonment case, if the alleged detention was performed with the authority of law, then no false imprisonment occurred." *Wal-Mart Stores, Inc. v. Resendez*, 962 S.W.2d 539, 540 (Tex. 1998). Defendants do not dispute that Kovacic was "willfully detained," or that the detention was "without consent." Instead, Defendants claim that their detention of Kovacic was under the "authority of law" as a citizen's arrest. [Dkt. No. 85 at 26].

Chapter 14 of the Texas Code of Criminal Procedure, Article 14.01(a) provides:

> A peace officer or any other person, may, without a warrant, arrest an offender when the offense is committed in his presence or within his view, if the offense is one classed as a felony or as an offense against the public peace.

TEX. CODE CRIM. PROC. art. 14.01(a) (2005). In order for this provision to apply, Defendants must provide evidence that Kovacic committed a "felony" or an "offense against the public peace." Defendants do make reference to the offense of "disorderly conduct of fighting" under Texas Penal Code § 42.01.[2] [Dkt. No. 85 at 26]. However, Defendants only allege generally that Kovacic was "trying to start a fight." [Dkt. No. 85 at 26]. Defendants offer no summary judgment evidence beyond the deposition testimony of the responding Police Officers and Plaintiffs' law enforcement expert, who were not present at the time of the alleged fight. [Dkt.

---

[2] Texas Penal Code § 42.01 provides that:
    (a) A person commits an offense if he intentionally or knowingly:
        . . . (6) fights with another in a public place; . . .
    (d) An offense under this section is a Class C misdemeanor . . . .
TEX. PENAL CODE § 42.01 (2003).

Case 5:11-cv-00137   Document 11   Filed in TXSD on 01/25/10   Page 10 of 12

No. 85 at 26] ("*See* Exhibit C, p. 104, 109; *see also* Exhibit D, p. 93, 109-110," "*See* Exhibit L, pgs. 134-36, 138-39."). But even the submitted testimony does not establish that Kovacic engaged in a fight, only that "he wanted to start a fight." [Dkt No. 85, Exhibit C at 109]. As none of these witnesses can testify to whether a "fight" actually occurred, Defendants do not carry the burden that accompanies their motion for summary judgment. Without sufficient evidence, Defendants' motion for summary judgment on Plaintiffs' claim for false imprisonment must fail. Thus, Defendants' motion for summary judgment on Plaintiffs claim for false imprisonment is hereby DENIED.

### C. Assault/battery

Similar to their defense to Plaintiffs' false imprisonment claims, Defendants also move for summary judgment on Plaintiffs' claim for assault/battery, on the grounds that it was justified as self-defense. Under Texas law, "[t]he definition of assault is the same in a civil or criminal trial." *Cox v. Waste Mgmt. of Texas, Inc.*, No. 2-08-446-CV, 2009 WL 3490946, *13 (Tex. App.-Fort Worth 2009). An assault is committed under the Texas Penal Code when a person:

> (1) intentionally, knowingly, or recklessly causes bodily injury to another, including the person's spouse;
>
> (2) intentionally or knowingly threatens another with imminent bodily injury, including the person's spouse; or
>
> (3) intentionally or knowingly causes physical contact with another when the person knows or should reasonably believe that the other will regard the contact as offensive or provocative.

TEX. PENAL CODE § 22.01(a). Similar to assault/battery, "the law of self-defense is the same in both civil and criminal cases." *Gibbins v. Berlin*, 162 S.W.3d 335, 340 (Tex. App.-Forth Worth 2005). On self-defense, the Texas Penal Code states that "a person is justified in using force against another when and to the degree the actor reasonably believes the force is immediately

10 / 12

necessary to protect the actor against the other's use or attempted use of unlawful force. . . ." TEX. PENAL CODE § 9.31(a). Cheers claims that the contact with Kovacic was made "in self-defense and in order to protect any other persons from injury," and thus was justified under § 9.31(a). [Dkt. No. 85 at 28].

While this legal theory is a possible defense to a claim for assault/battery, again, Defendants submit no summary judgment evidence to support this defense beyond the depositions of the responding Police Officers and Plaintiffs' law enforcement expert, all of whom were not present at the time of the alleged self defense. [Dkt. No. 85 at 28] ("*See* Exhibit C, pgs. 60, 109", "*See* Exhibit D, pg. 93," "*See* Exhibit L, pg. 137"). Defendants present no evidence that Kovacic "recklessly caused injury to another," "knowingly threatened another with imminent bodily injury," or caused "contact with another" that was offensive. Defendants' deposition evidence shows only that Kovacic was "disturbing inside the establishment," [Dkt. No. 85, Exhibit C at 60] and that "he wanted to start a fight." [*Id.* at 109; Exhibit D at 93]. This evidence falls well short of being sufficient to carry Defendant's burden on summary judgment, as a reasonable jury could return a verdict for Plaintiffs by finding that the Defendants were not acting in self-defense. Without the necessary accompanying evidence, Defendants' motion for summary judgment on Plaintiffs' claim for assault/battery must also fail. Thus, Defendants' motion for summary judgment on Plaintiffs' claim for assault/battery is also hereby DENIED.

### III. CONCLUSION

Because Defendants have established that the conduct of the Officers constitutes a new and independent cause as a matter of law, Defendants' motion for summary judgment on Plaintiffs' Texas Dram Shop claim is **GRANTED**. Due to a lack of evidence, Defendants' motion for summary judgment on Plaintiffs' false imprisonment and assault/battery claims is

**DENIED.**  Thus, Plaintiffs' claims against Cheers for assault/battery, false imprisonment, and common law negligence arising from the assault/battery and false imprisonment, remain.

IT IS SO ORDERED.

Done this 25th day of January, 2010, in Laredo, Texas.

_____
Micaela Alvarez
UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.**